UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

AUNNA CHAMBERLAIN,

    Plaintiff,                            DEMAND FOR JURY TRIAL

-vs-                                        Case No.
                                            Hon.

M & M CARS, INC.,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3. The Plaintiff to this lawsuit is Aunna Chamberlain who resides in Detroit, Michigan in Wayne County.

4. The Defendant to this lawsuit is M & M Cars, Inc. ("M & M Cars") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

5. At all relevant times M & M Cars -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. M & M Cars is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

## VENUE

7. The transactions and occurrences which give rise to this action occurred in Wayne County.

8. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

9. On or about December 14, 2013, Plaintiff purchased and financed a 2003 Chevy, VIN 2G1WF52E539172624 ("the vehicle") from M & M Cars.

10. Before consummating the transaction, M & M Cars made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

   a. That title would transfer to Plaintiff;

   b. That the sales tax would be paid to the State of Michigan;

   c. That the title fee would be paid to the state of Michigan;

   d. That the license fee would be paid to the state of Michigan;

   e. That the vehicle was merchantable;

   f. That the vehicle was fit for its intended use;

   g. That the purchase price of the vehicle was $3,500.00.

11. M & M Cars disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

12. Ms. Chamberlain traded in a vehicle in order to obtain the vehicle.

13. That trade-in vehicle was a 2003 JaguarX type.

14. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 *et seq.*

15. As of the filing of the complaint, Defendant has failed to pay the sales tax, license fee or title fees in the amount of $364.00.

16. Because the Defendant did not pay the sales tax, license fee or title fees in the amount of $364.00, that amount is not legitimately part of the amount financed, but rather, a finance charge for purposes of the Truth in Lending Act.

17. Defendant also added $500.00 to the amount financed for no legitimate reason; as such, that amount is also a finance charge.

18. Defendant failed to apply for title within 15 days of the sale of the vehicle to Plaintiff, but rather issued several temporary tags.

19. As of today's date, the vehicle is not titled to the Plaintiff.

20. Defendant has demanded an extra $400.00 to apply for title on top of all of the timely payments it received.

21. Defendant has converted the Plaintiff's payments and her trade-in.

22. The transaction herein is subject to the Truth-in-Lending Act because there are undisclosed finance charges.

23. Defendant failed to provide the Plaintiff with any disclosures under the Truth-in-Lending Act.

24. Defendant failed to provide the Plaintiff with any retail installment contract, in violation of Michigan law.

25. Defendant failed to provide the Plaintiff with a "risk based pricing notice" under 15 U.S.C. §1681m(h).

26. The vehicle is not merchantable.

27. The vehicle is not fit for its intended use.

### COUNT I -- Truth in Lending Act (M & M Cars)

28. Ms. Chamberlain incorporates the preceding allegations by reference.

29. By failing to provide Ms. Chamberlain with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

30. M & M Cars retained all or portions of the amount charged on line 5 of the RD-108.

31. M & M Cars failed to disclose that it was retaining all or a portion of the amount charged in line 5 of the RD-108.

32. The failure of M & M Cars to disclose that it was retaining a portion of the amount charged in line 5 of the RD-108. constitutes a violation of TILA, 15 U.S.C. § 1638; and 16 CFR § 226.18(b) and (c).

33. M & M Cars failed to accurately disclose the cash price of the vehicle.

34. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

35. M & M Cars improperly itemized a charge in the amount of 364 for the sales tax license title charge as an amount financed when in fact that charge was a finance charge within the meaning of Reg Z § 226.4.

36. M & M Cars failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

37. M & M Cars failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

38. As a consequence of failing to accurately state the actual finance charge, M & M Cars also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

39. M & M Cars failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

40. M & M Cars was required to make the disclosures required by 16 U.S.C. § 1638 prior to failed to prior to consummating the sale of the vehicle.

41. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

42. M & M Cars failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

43. M & M Cars failed to disclose the amount necessary to discharge the lien on Ms. Chamberlain's trade in.

44. M & M Cars is liable to Plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

### COUNT II -- Fair Credit Reporting Act (M & M Cars)

45. Ms. Chamberlain incorporates the preceding allegations by reference.

46. The Fair Credit Reporting Act requires auto dealers that lend money to provide "risk based pricing notices" to consumers under 15 U.S.C. §1681m(h).

47. This failure to provide a risk based pricing notice constituted a willful violation of the FCRA, 15 U.S.C. § 1681n.

### COUNT III -- Magnuson-Moss Warranty Act (M & M Cars)

48. Ms. Chamberlain incorporates the preceding allegations by reference.

49. Ms. Chamberlain is a consumer as defined in 15 U.S.C. §2301(3).

50. M & M Cars is a supplier and warrantor as defined in 15 U.S.C. §2301(4)(5).

51. As a seller of motor vehicles, M & M Cars was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

52. Under the buyers guide rule, M & M Cars was required to affix the buyers guide to the car prior to the sale of the vehicle to Ms. Chamberlain's .

53. M & M Cars failed to affix the buyers guide to the car prior to the sale of the vehicle to Ms. Chamberlain's , thereby violating the buyers guide rule.

54. In the FTC buyers guide, M & M Cars affirmatively stated that it was giving no warranties.

55. Under the buyers guide rule, 16 C.F.R. §455.4,  M & M Cars may not make any oral representations contrary to the final terms incorporated into the buyer's guide.

56. The oral representations made by M & M Cars are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

57. Under 15 U.S.C. §2301(a)(1), M & M Cars, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

58. M & M Cars has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

59. Ms. Chamberlain has suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

60. Ms. Chamberlain suffers continuing damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

### COUNT IV -- Statutory Conversion (M & M Cars)

61. Ms. Chamberlain incorporates the preceding allegations by reference.

62. M & M Cars failed to deliver title to the Plaintiff; but rather, stole the Plaintiff's money.

63. These acts constitute a willful or intentional conversion under MCL 600.2919a entitling Ms. Chamberlain to recover treble the value of the vehicle converted.

### COUNT V -- Common Law Conversion (M & M Cars)

64. Ms. Chamberlain incorporates the preceding allegations by reference.

65. These actions constitute a conversion at common law, entitling Ms. Chamberlain to recover the value of the property converted.

### COUNT VI -- Violation of Michigan Consumer Protection Act (M & M Cars)

66. Ms. Chamberlain incorporates the preceding allegations by reference.

67. M & M Cars is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

68. M & M Cars has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

   c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

   d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

   e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

   f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

   g. Representing that a part, replacement, or repair service is needed when it is not.

   h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i.  Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j.  Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k.  Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l.  Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m.  Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n.  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o.  Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p.  Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not

        available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

    q.    Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

    r.    Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

    s.    Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

    t.    Causing coercion and duress as the result of the time and nature of a sales presentation.

    u.    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

69.    Ms. Chamberlain has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

70.    Ms. Chamberlain suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

### **COUNT VII -- Misrepresentation (M & M Cars)**

71. Ms. Chamberlain incorporates the preceding allegations by reference.

72. The material representations were intended to induce the reliance of Ms. Chamberlain.

73. The material representations did induce the reasonable reliance of Ms. Chamberlain.

74. M & M Cars made the material representations with actual knowledge of their falsity.

75. M & M Cars made the material representations with reckless disregard to their truth or falsity.

76. M & M Cars made the material representations even though it should have known that they were false.

77. These actions constitute a misrepresentation upon Ms. Chamberlain by M & M Cars.

78. Ms. Chamberlain has suffered damages as a result of this misrepresentation.

79. As a result of this misrepresentation, Ms. Chamberlain suffers continuing damages.

### **COUNT VIII -- Breach of Contract (M & M Cars)**

80. Ms. Chamberlain incorporates the preceding allegations by reference.

81. M & M Cars's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

82. The failure of M & M Cars to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

83. Ms. Chamberlain has suffered damages as a result of this breach of contract.

84. Ms. Chamberlain suffers continuing damages as a result of this breach of contract.

### COUNT IX -- Breach of Warranties (M & M Cars)

85. Ms. Chamberlain incorporates the preceding allegations by reference.

86. M & M Cars has breached its warranty of merchantability.

87. M & M Cars has breached its warranty of fitness for intended purpose.

88. Ms. Chamberlain has suffered damages as a result of these breaches of warranty.

89. Ms. Chamberlain suffers continuing damages as a result of these breaches of warranty.

### COUNT X — Motor Vehicle Sales Finance Act (M & M Cars)

90. Ms. Chamberlain incorporates the preceding allegations by reference.

91. M & M Cars failed to properly itemize Ms. Chamberlain's trade in vehicle, a 2003 Jaguar X type in violation of the MVSFA, M.C.L. §492,113.

92. M & M Cars failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 *et seq.*

93. Ms. Chamberlain have suffered the damages set forth above by reason of the M & M Cars's violations of the MVSFA.

### COUNT XI — Motor Vehicle Installment Sales Contract Act (M & M Cars)

94. Ms. Chamberlain incorporates the preceding allegations by reference.

95. M & M Cars failed to properly itemize Ms. Chamberlain's trade in vehicle, a 2003 Jaguar X type, VIN# in violation of the Motor Vehicle Installment Sales Contract Act, M.C.L. § 566.302.

96. M & M Cars failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

97. M & M Cars failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

98. Ms. Chamberlain suffered damages in the amount of the finance charge imposed, that amount being the amount she paid to Defendant.

### **COUNT XII — Motor Vehicle Code Violations (M & M Cars)**

99. Ms. Chamberlain incorporates the preceding allegations by reference.

100. M & M Cars violated the Motor Vehicle Code.

101. M & M Cars failed to apply for title within 15 days of delivering the vehicle to Ms. Chamberlain as required by M.C.L. §257.235.

102. M & M Cars's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

103. Ms. Chamberlain may void the contract of sale as a result M & M Cars's violation of the Motor Vehicle Code.

104. Ms. Chamberlain may void the contract of sale as a result M & M Cars's violation of the Motor Vehicle Code under M.C.L. §257.251.

### **JURY DEMAND**

105. Aunna Chamberlain demands a jury trial in this case.

### **REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

1. *Assume jurisdiction over this case including all supplemental claims.*

2. *Award actual damages.*

3. *Award treble damages.*

4. *Award statutory and punitive damages.*

5.	*Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By: s/ Adam G. Taub
           Adam G. Taub (P48703)
           Attorney for Aunna Chamberlain
           17200 West 10 Mile Rd. Suite 200
           Southfield, MI 48075
           Phone:  (248) 746-3790
           Email:   adamgtaub@clgplc.net


        The Alexander Law Firm

        By: **/s/ Adam S. Alexander**
           Adam S. Alexander (P53584)
           Attorney for Aunna Chamberlain
           17200 West 10 Mile Rd. Suite 200
           Southfield, MI 48075
           Phone:  (248) 246-6353
           Email:   adam@alexanderfirm.com

Dated: September 18, 2014